In the United States District Court

For the __SOUTHERN__ District of __West Virginia__
(State)

__Beckley__ Division

Name: __Terry Roseboro__ )
Prison ID #: __16093-058__ )
)
Name: _____ )
Prison ID #: _____ )
)
Name: _____ )
Prison ID #: _____ )
)
☐ Check here if there are additional )
Plaintiffs--use separate sheet to )
list each person. DO NOT USE ET AL. )
)
vs. )
)
Name: __CHARLES Phelps, Warden__ )
Name: __Dr. D. McLain, Clinical Dir.__ )
Name: __J. Rowe, APRN, B.C.__ )
Name: _____ )
)
☐ Check here if there are additional )
Defendants--use separate sheet to )
list each person. DO NOT USE ET AL. )

FILED
DEC 18 2008
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Civil Action #: 5:08-1433 _____

(To be assigned by the Clerk's
Office. Do not write in this blank.)

### Complaint for the Violation of Civil Rights
### Under 42 U.S.C. § 1983

I.  **Previous Lawsuits**

   A. Have you or any of the other plaintiffs listed above filed any other lawsuits in the United States District Courts and/or any state courts?

      ☐ Yes      ☒ No

   B. If you answered YES to Question A, list the following information:

      ☐ Check here if more than one lawsuit has been filed and list them on additional sheets

Page __1__ of ___

1. Parties to previous lawsuit:

   Plaintiffs: _____

   _____

   Defendants: _____

   _____

2. In what Court did you file the previous lawsuit?

   _____
   (If Federal Court, name the District; if State Court, name the county.)

3. Case Number of the previous lawsuit: _____

4. Name of judge to whom the case was assigned: _____

5. Date previous lawsuit was filed: ___/___/___ (List at least the year.)

6. What was the disposition or result of the previous lawsuit? (for example, was it dismissed, appealed, or still pending)

   _____

7. When was previous lawsuit decided: ___/___/___ (List at least the year.)

8. Did the previous lawsuit involve the same facts or circumstances that you are now alleging in the lawsuit you are now submitting?

   ☐ Yes     ☐ No

II. Place of Plaintiff(s)'s current confinement:

   A. Name of prison or jail in which you are currently incarcerated:
   
   Federal Correctional Institution P.O. Box 350 Beaver W. VA.

   B. Are the facts of your lawsuit related to your confinement in your present prison or jail?

   ☒ Yes     ☐ No

   C. If you answered NO to question B, list the name and address of the jail or prison to which the facts of your lawsuit relate:

   _____

Page ___ of ___

D. Did you present these facts to the prison authorities through the prisoner grievance procedure?

☑ Yes ☐ No

E. If you answered Yes to question D:

1. What steps did you take: Filed Administrative Remedies BP 9, 10 and 11

2. What was result: Negative, Cannot Award Monetary damages.

F. If you answered No to question D, explain why not: _____

III. Parties to this Lawsuit

A. Plaintiff(s) bring this lawsuit:

1. Name of Plaintiff: Terry Roseboro

   Prison ID #: 16093-058

   Address, include name of instituion: F.C.I. Beaver, West Virginia 25813

2. Name of Plaintiff: _____

   Prison ID #: _____

   Address, include name of institution: _____

3. Name of Plaintiff: _____

   Prison ID #: _____

   Address, include name of institution: _____

☐ Check here if there are additional plaintiffs and list them on additional sheet of paper.

Page ___ of ___

B. Defendants against whom you are filing this lawsuit:
For each defendant, check whether you are naming the defendant is his or her individual and/or official capacity.

1. Name of Defendant: CHARles Phelps, Warden
   Place of Employment: F.C.I. Beckley, West VA.
   Address of Defendant: P.O. Box 350 Beaver, West Virginia 25813
   Named in an official capacity?  ☑ Yes   ☐ No
   Named in an individual capacity? ☑ Yes   ☐ No

2. Name of Defendant: Dr. D. McLain
   Place of Employment: F.C.I. Beckley West, VA
   Address of Defendant: Federal Prison, P.O. Box 350 Beaver, West VA. 25813
   Named in an official capacity?  ☑ Yes   ☐ No
   Named in an individual capacity? ☑ Yes   ☐ No

3. Name of Defendant: J. Rowe, APRN, BC.
   Place of Employment: F.C.I. Beckley, West, VA.
   Address of Defendant: Federal Prison, P.O. Box 350 Beaver, West, VA. 25813
   Named in an official capacity?  ☑ Yes   ☐ No
   Named in an individual capacity? ☑ Yes   ☐ No

☐ Check here if there are more then 3 defendants. You must list each and every defendant. If you do not list the name of a defendant, he or she will not be included in the lawsuit. If you do not list the place of employment and address the clerk will not be able to serve that defendant. Use addition sheets of paper to list more then 3 defendants.

IV. Statement of your claim

State as briefly as possibly all the facts of your case. Recite the dates when any incidents or events occurred, and the places where they took place. Describe how each defendant is involved. Also include the names of other persons involved and the dates and places of their involvement.

If you set forth more then one claim, number each one, and use a separate paragraph for each one.

See, ATTACHed Complaint FOR DAMAGES.

United States District Court
Southern District of West Virginia
Beckley

Terry Roseboro )
    Plaintiff, )
)
v. ) Civil Action No.
) _____
Charles Phelps, Warden )
Dr. D. Mclain, Clinical Director )
J. Rowe, APRN, Nurse Practitioner )
    Defendants. )

## Complaint for Damages

Comes now, Terry Roseboro, Plaintiff, Pro Se, and for this cause of action states the following:

1. That the Plaintiff is/was at all times mentioned herein an incarcerated inmate at the Federal Correctional Facility in Beaver West Virginia at the mailing address of PO BOX 350, within the Southern District of West Virginia.

2. Defendants, Phelps, Mclain and Rowe, was/were, at all times mentioned and relevant hereto, officers, employees, agents of the U.S. Department of Justice, and the Federal Bureau of Prisons with their official duty station at the FCI Beckley, West Virginia.

3. This Court has jurisdiction of this matter by virtue of 28 U.S.C. 1331 and title 42 U.S.C. 1983 which provides "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory, subjects or causes to be subjected, any citizen of the United States or other person

within the jurisdiction thereof to the deprivation of any rights, priveleges, or immunities, secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress."

4. This Court has jurisdiction of this matter in that the cause of actions involves federal officials acting under color of legal authority, employed by the Bureau of Prisons.

### Count I

1. Plaintiff re-alleges the allegations contained in paragraphs 1 through 4 of the <u>Jurisdictional Statement</u> as though the same were fully set forth within.

2. Beginning on or about January 12, 2007 and continuing up to and including March 8, 2007, the defendants, and each of them, did combine, conspire and confederate together to deny, delay, impede and to demonstrate a deliberate indifference to the Plaintiff's medical needs, in a cruel, willful effort to deny medical treatment that caused Plaintiff a stroke, open heart surgery, and permanent brain damage and disability for the remainder of his life.

3. At all times relevant hereto, the Defendants knew or should have known that Defendant had a substantial risk of danger and possible death that was either known to the defendants or which would be apparent to a reasonable person in defendant's position.

4. Defendant Phelps is named herein as supervisory liability under the civil rights statute based on constitutional violations inflicted by Rowe and Mclain which was recognition that supervisory indifference were a result of an over-crowded prison, lack of budget and a policy and procedure to delay, impede and discourage medical treatment as evidenced by sick call requests and actual appointments days later. Defendant Phelps deliberately interfered with prison doctors' performance in that he authorized a policy to sign up for sick call and then wait days to be seen by an actual doctor or other medically qualified personnel. Defendants knew that a serious medical request required immediate attention, instead of the policy and practice they used then and now at the Federal prison that caused Plaintiff injury.

5. It was the object of a conspiracy by the Defendants to deny, impede and delay medical treatment to Petitioner for his serious misdiagnosed medical problem. Because Defendant Mclain advised Plaintiff, "If I sent people to the hospital for problems like yours, I would never get anything done here.

6. At all times relevant hereto, the defendants and each of them, in discharging their discretionary duties, were acting under color of law, and in furtherance of a conspiracy demonstrated a deliberate indifference to Plaintiff's medical needs that caused serious injury, infliction of pain and suffering that led to months of hospital confinement and permanent disability.

3

## Count I

A. On or about January 1, 2007, Defendants, their agents and employees had listed within the Bureau of Prisons web-site, that FCI - Beckley was a medical facility, they received that classification so they could apply for and receive additional funding to treat inmates with chronic and/or more serious medical needs than just an ordinary federal prison.

B. Plaintiff began going to sick call with the related symptons that led to his stroke and heart attack on January 12, 2007, and five days later in what should be described as a callous disregard for inmate health, the Defendants, Rowe and Mclain, examined Plaintiff. Petitioner complained of pain in his left arm, and it was noted that Plaintiff had a rash on his hands and feet, but suffered great pain in his left arm and left foot. Plaintiff alleges and is supported by record evidence, that the FCI hospital employed an antiquated record keeping system, in that they still kept records in hand written form instead of more modern computerized indices. That antique system delayed and impeded the diagnosis and treatment of Plaintiff because on the day of the stroke, it took Defendant Mclain literally 3 hours to sift through Plaintiff's records before being able to decide on a course of treatment, in addition, many of the hand written treatment notes written by Rowe were unreadable and written in chicken script, so that only he could determine their meaning. Defendant Phelps and his agents applied for and received funding for a computerized records system that

4

was not in place on January 12, 2007 or March 8, 2007, the critical day that caused Plaintiff serious injury. Had the Defendants employed a modern records computer system that was readable then on March 8, 2007, Plaintiff could have received a more proficient and prompt diagnosis of his condition, to determine prior and current treatment, to ward off the eventual stroke that was coming. It was deliberate indifference to keep Plaintiff's health records that literally took unwarranted delays in getting him to the emergency room. On a written notebook, that triples the delay in an emergency, when in fact they should have the more modern system in place, since they listed themselves as a medical facility on the Bureau of Prisons website.

## Count II

A. On January 12, 2007, Plaintiff went to sick call, advised of pain and gout in his legs when, in fact, he did not know what was wrong with him, and left the diagnosis and treatment to the Defendants. Five days later, Defendants Mclain and Rowe ordered lab tests yet no types of coronary tests were run in spite of his age and family history of heart disease. Defendants only saw the rash and negligently overlooked Plaintiff's pain in the left arm and swelling in his left hand, which should have been a red flag to any competent medical staff. On January 19, 2007, Defendants saw Plaintiff again.

B. On January 31, 2007, Plaintiff was again examined with the same problems and Defendant Rowe wrote the rash was almost gone,

yet Plaintiff still had pain and numbness in his left arm. During these visits, Defendants were prescribing Motrin and have the Plaintiff return to his unit.

C. On February 14, 2007, Plaintiff again returned to sick call complaining of the pain in his left arm and leg, it had already been documented that Plaintiff's rash was almost healed, yet despite repeated persistent sick call appointments, Defendants did no tests to detect any cardiac problems.

D. On February 20, 2007, Plaintiff was seen by Defendant Rowe, he noted the rash had completely healed, but that Plaintiff suffered pain in left hand and left side of his body, he ordered more pain medication and NO cardiac tests.

E. On March 7, 2007, in the AM, Plaintiff this time was sent to Medical by his work supervisor, and complained of dizziness, sweating, nausea, and shortness of breath. The Defendants prescribed more pain medication and gave Plaintiff a medical lay-in to rest in bed the rest of the day, accompanied by a medical idle.

F. On March 8, 2007, while walking to the cafeteria Plaintiff collapsed on the sidewalk after being taken to medical. Defendant Mclain performed an EKG and ordered Plaintiff sent to the local hospital, while being admitted, Plaintiff suffered a stroke caused by a myxoma in the left atria of the heart.

### Count III

A. On March 8, 2007, Plaintiff suffered a paralyzing stroke in the Beckley Appalachian Regional Hospital, after therapy and treatment, he was later transferred to Charleston Area Medical Center on March 26, 2007 he had open heart surgery, for a left atrial Myxoma resection.

B. Plaintiff alleges that from January 12, 2007 until December 12, 2007, he suffered a stroke and open heart surgery due to the deliberate indifference of Defendants named herein. On at least seven occasions, Plaintiff was seen by the medical staff and was misdiagnosed for his medical condition, and as a result suffered cruel and unusual punishment due to their neglect and gross incompetence, malpractice, and reckless disregard of Plaintiff's condition. Defendants acted recklessly by disregarding a substantial risk of danger on March 7, 2007, when they had him placed on a medical idle instead of performing cardiac testing. This reckless disregard led to the stroke, heart attack and near death of Plaintiff.

C. After open heart surgery on March 26, 2007, Plaintiff had to learn how to feed himself, walk and talk, the pain and agony suffered was due to a deliberate, reckless and callous disregard for Plaintiff and his known or should have known condition, this was symptoms which would be apparent to a reasonable person in Defendant's position, yet due to a budget, overcrowded prison conditions, they chose a path of treatment that nearly killed Plaintiff and caused months of suffering and a lifetime of disability.

## Count IV

A. After the stroke and heart surgery, Plaintiff developed a disorder called Aphasia. It happens when a stroke affects the language side of the brain, usually the left side.

B. Plaintiff has trouble coming up with words during a sentence. Sometimes he cannot make sense of what he sees and hears. Plaintiff speaks in choppy and incomplete sentences and cannot say the names of some of his family members and suffers a loss of his memory.

C. All of this pain and suffering is a result of Defendant's breach of care so that the conduct was so egregious as to be deliberate indifferent to Plaintiff's medical needs. As a result Plaintiff will continue to suffer a lifetime ofrustration, pain and disability associated with his Aphasia. Which amounts to a lifetime of punishment, so as to be a violation of Plaintiff's Eighth Amendment rights to be free from cruel and unusual treatment. Actually the conduct of Defendants in this case produced physical torture. The infliction of such unnecessary suffering is inconsistent with competent medical care, combined with reckless disregard to perform the appropriate tests to determine this illness, suffered by Plaintiff, that created wanton infliction of pain.

6. As a direct and proximate result of the acts of the Defendants and each of them, the Plaintiff lost his natural rest and sleep, suffered pain and medical trauma, depression, anxiety, and

Aphasia and spent nearly 9 months in a hospital or rehab facility to learn how to talk, walk and eat again, in addition to the permanent brain damage he must live with the remainder of his life.

7. Deliberate indifference to a medical need is a violation of Petitioner's Eighth Amendment rights, they subjected him to 9 months of torture and a lifetime of disability.

8. As a direct and proximate result of the Defendants and each of them, as aforesaid, the Plaintiff has been damaged in the amount of $12 million dollars.

Wherefore, the Plaintiff prays judgment against the Defendants, and each of them, in the amount of $4,000,000 (four million dollars) and because the acts of the Defendants were wanton and willful, the Plaintiff prays for an award of $12,000,000 (twelve million dollars), his costs herein expended, and for an allowance for reasonable attorney fees, and for such other and further relief as the Court shall deem just and proper in the premises.

9

V.  **Relief requested:** List what you want the court to do; list what relief you seek against each defendant:

A. Damages in the amount of 12,000,000 million dollars.

B. _____

C. _____

D. _____

E. _____

I (we) hereby certify under penalty of perjury that the above complaint is true to the best of my (our) information, knowledge and belief.

Signed this 16th day of December, 2008.

Signature: x Jerry J Rexboro

Prison ID #: 16093-058

Address: Federal Correctional Institution
P.O. Box 350 Beaver, West Virginia 25813

Signature: _____

Prison ID #: _____

Address: _____

Signature: _____

Prison ID #: _____

Address: _____

☐ Check here is additional signatures are included on an additional sheet of paper.

**All plaintiffs must sign complaint.**

Page ___ of ___




Terry Roseboro
16693-058
Federal Correctional Institution
P.O. Box 350
Beckley, West Virginia 25813

Clerk, United States Court
Federal Bldg and Courthouse
Neville Street and Woodlawn Avenue
P.O. Box Drawer 5009
Beckley, West Virginia 25801

Legal Mail



FEDERAL CORRECTIONAL INSTITUTION
BERKLEY
P.O. BOX 1000
BSA-CR-08V-23813

DATE 12-16-08

THE ENCLOSED LETTER WAS PROCESSED THROUGH
SPECIAL MAILING PROCEDURES FOR FORWARDING TO
YOU. THE LETTER HAS NEITHER BEEN OPENED NOR
INSPECTED. IF THE WRITER RAISES A QUESTION OR
PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION,
YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER
INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES
CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE
RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

**QUALITY PARK**
9-1/2 x 12-1/2