IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TERRY ROSEBORO,

          Plaintiff,

v.                                       CIVIL ACTION NO.  5:08-cv-01433

CHARLES PHELPS, et al.,

          Defendants.

**ORDER**

The Court has reviewed Plaintiff's *Letter-Form Motion for Transfer to Another Federal Correctional Institution* (Document 85), Plaintiff's *Letter-Form Motion for Removal of Lonnie Simmons as Counsel for Plaintiff and for Appointment of New Counsel* (Document 86), Plaintiff's *Motion to Hire an Expert Witness, Pursuant to United States v. Hartsell* (Document 87), and Plaintiff's *Ex Parte Application for Government Funds for Expert Heart Surgeon's Testimony for Certificate of Merit and at Trial* (Document 88) all of which were filed *pro se*.[1]

Plaintiff alleges in his Amended Complaint (Document 6) that he is entitled to relief pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq*., and pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for alleged violations of his constitutional and civil rights.  By Order entered on March 25, 2011, the Court, out of an abundance of caution, appointed *pro bono* counsel, Lonnie C. Simmons, to represent Plaintiff in this matter. (Document 78 at 3.)  At that time, the Court

---

[1] The Court will consider the fact that Plaintiff filed these motions *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

considered that Plaintiff's injury might reasonably affect his ability to present his own case due to what appeared to be an impaired ability to communicate at the time. (*Id*.)

On September 12, 2011, Plaintiff filed a motion (Document 86) requesting that the Court remove Mr. Simmons as counsel and appoint him new *pro bono* counsel. In support, Plaintiff argues that Mr. Simmons admitted his law firm would not have taken Plaintiff's case[2] and Mr. Simmons asked Plaintiff to pay several thousand dollars, up front, to retain an expert witness. (Document 86 at 1.). In a letter to Mr. Simmons, which Plaintiff filed with the Court, Plaintiff stated the following:

> I plan to [s]eek [l]eave of the Court to [a]mend my [Amended] Complaint. I feel that it is in my best interest to do it myself. Also, you stated that you agree with the U.S. Magistrate Judge that my [Amended][C]omplaint should be dismissed. I definitely do not agree with you on that.

(Document 89 at 1.) Plaintiff also questions whether his disagreements with Mr. Simmons amount to a conflict of interest. (*Id*.) He indicates that Mr. Simmons will not honor his request to file an amended complaint. (Document 88 at 2.) Based on Plaintiff's representations, the Court finds that Plaintiff's request to remove Mr. Simmons as *pro bono* counsel should be granted.

However, the Court finds that Plaintiff is not entitled to the appointment of new *pro bono* counsel to replace Mr. Simmons. It has long been recognized that there is no constitutional right to counsel in civil cases. The district court should exercise its discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir.

---

[2] In a letter, written to the Plaintiff and provided to the Court by him, Mr. Simmons stated "if you were not in prison and you came to this law firm to evaluate your possible medical negligence case, we never would have taken the case. Your ailment is very rare and the medicine in this area is complicated enough that we would not have been willing to expend our money and time in a case where the facts are so difficult." (Document 88 at 5.) Mr. Simmons also properly indicated that his role as *pro bono* counsel was to provide proper legal advice and that his law firm is not obligated to spend its money in an attempt to obtain an expert opinion to support Plaintiff's claim. (*Id*.)

1975). Whether such a case is "exceptional" depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated in part by, Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). Moreover, the district court should appoint counsel if "a pro se litigant has a colorable claim but lacks the capacity to present it[.]" *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Based on Plaintiff's *pro se* filings, subsequent to being appointed counsel, the Court is no longer concerned that Plaintiff lacks the capacity to present his claim. Plaintiff has shown that he has the cognitive ability to clearly communicate with the Court and to clearly articulate his disagreement with his appointed counsel's opinions. It appears that Plaintiff disagrees with Mr. Simmons' assessment of his claims and now seeks to have the Court appoint new *pro bono* counsel. He was originally appointed counsel out of an abundance of caution that he may have some cognitive limitations. Plaintiff was afforded appointed counsel for nearly a year and failed to make any progress towards resolution of the case. For the reasons stated herein, the Court currently finds that no exceptional circumstances exist to justify appointing Plaintiff new *pro bono* counsel.

Based on the findings above, the Court **ORDERS** that Plaintiff's *Letter-Form Motion for Removal of Lonnie Simmons as Counsel for Plaintiff and for Appointment of New Counsel* (Document 86) be **GRANTED IN PART** to the extent that Lonnie Simmons is hereby **REMOVED** as Plaintiff's *pro bono* counsel and **DENIED IN PART** to the extent that Plaintiff seeks the appointment of new counsel.

Next, the Court considers Plaintiff's request to be transferred to a different Federal Correctional Institution ("FCI"). (Document 85). Plaintiff states that he "needs to be transferred to another F.C.I. where the staff will take a non-bias approach to [his] matter." (*Id*. at 1.) Plaintiff

contends that FCI Beckley officials have denied him the opportunity to pursue his administrative remedies and, therefore, he should be relocated to a different facility. (*Id.* at 1-2.) Whether a prisoner is transferred to a different facility is left to the sound discretion of the Federal Bureau of Prisons. A prisoner has no constitutional right to be confined in any particular institution and prison officials have great discretion in decisions on the transfer of prisoners. *Meachum v. Fano*, 427 U .S. 215, 228 (1976). Just as a sentencing court may not order a convicted defendant housed in a particular facility, this Court lacks the authority to order Plaintiff to be transferred to a different facility. *See United States v. Williams*, 65 F.3d 301, 307 (2nd Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility, much less placed in a particular treatment program; those decisions are within the sole discretion of the Bureau of Prisons.")

Therefore, the Court **ORDERS** that Plaintiff's *Motion for Transfer to Another Federal Correctional Institution* (Document 85) be **DENIED**.

Lastly, the Court considers Plaintiff's *Motion to Hire an Expert Witness, Pursuant to United States v. Hartsell* (Document 87) and Plaintiff's *Ex Parte Application for Government Funds for Expert Heart Surgeon's Testimony for Certificate of Merit and at Trial* (Document 88). The Court considers these motions contemporaneously. In both motions, Plaintiff asks the Court to provide funds for Plaintiff to pay an expert witness to file a screening certificate of merit in his claim. A screening certificate of merit is a prerequisite to filing suit under West Virginia Code § 55-7B-6.[3] Based on his recent filings, Plaintiff does not appear to have filed

---

[3] West Virginia Code § 55-7B-6 provides the following:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.

4

such screening certificate of merit.[4] Plaintiff's argument that he is entitled to have funds appropriated to him for expert testimony under *United States v. Hartsell*, 127 F.3d 343 (4th Cir. 1977) is misplaced. *Hartsell* addresses an indigent criminal defendant's entitlement to money for investigative and expert services that are necessary for adequate representation under 18 U.S.C. § 3006A(e)(1). *Hartsell*, 127 F.3d at 349. No such right extends to a civil *pro se* Plaintiff under 18 U.S.C. § 3006A(e)(1). Further, the Court does not have authority under Rule 706 of the Federal Rules of Evidence to appoint an expert witness to issue a screening certificate of merit, as required, prior to filing suit under West Virginia Code § 55-7B-6(b). Consequently, the Court finds Plaintiff is not entitled to an appointed expert. Further, the Court finds Plaintiff is not entitled to a disbursement of funds to pay for any medical expert witness he may pursue.

Based on the findings above, the Court **ORDERS** that Plaintiff's *Motion to Hire an Expert Witness, Pursuant to United States v. Hartsell* (Document 87) and Plaintiff's *Ex Parte Application for Government Funds for Expert Heart Surgeon's Testimony for Certificate of Merit and at Trial* (Document 88) be **DENIED**.

---

(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

[4] At this point, the Court does not address whether Plaintiff meets the "common knowledge exception" to the screening certificate of merit contained in West Virginia Code § 55-7B-6(C).

For reasons appearing to the Court and Plaintiff's indication that he wishes to file an amended complaint, it is hereby **ORDERED** that this action be **STAYED** for a period of thirty (30) days. During the stay, Plaintiff may file an amended complaint no later than **April 13, 2012**. Any responsive pleading and/or dispositive motion by Defendants shall be filed no later than **April 27, 2012**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 15, 2012

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA